IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MONTE M. MCCOY,            :
    Plaintiff,            :
                       :
    v.                    :      CIVIL ACTION NO. 26-CV-0115
                       :
AMPLER QSR LLC, *et al.*,    :
    Defendants.        :

MEMORANDUM

SCOTT, J.                                        MAY 8, 2026

Currently before the Court are the Motion for Service (ECF No. 3), Supplemental Motion (ECF No. 7), Motion to Set Case for Trial (ECF No. 14), and Second Amended Complaint[1] (ECF No. 16, "SAC"), filed by *pro se* Plaintiff Monte McCoy. McCoy's governing SAC asserts constitutional claims pursuant to 42 U.S.C. § 1983 against Judge Raymond F. McHugh, Judge Wallace H. Bateman Jr., and Assistant District Attorney Alan J. Garabedian based on his ongoing prosecution in the Bucks County Court of Common Pleas.[2] For the following reasons, the Court will dismiss the SAC with prejudice.

---

[1] McCoy filed an Amended Complaint (ECF No. 10) and Second Amended Complaint (ECF No. 16) prior to the Court screening his initial Complaint. The SAC supersedes the initial Complaint and Amended Complaint, so only the allegations in the SAC govern the claims in this case. *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("[A]n amended pleading supersedes the original pleading and renders the original pleading a nullity." (citations omitted)).

[2] McCoy does not provide a case number or other identifying information for his criminal case, however the Court infers that his claims arise from his prosecution for burglary and other crimes in *Commonwealth v. McCoy*, CP-09-CR-0000688-2025 (C.P. Bucks), which is currently awaiting trial before Judge Bateman. The case docket reflects that Judge McHugh was previously assigned to the matter. *Id.*

## I.      FACTUAL ALLEGATIONS[3]

McCoy's allegations are terse.  He states that Judge McHugh was assigned to his criminal case and that he failed to rule on "multiple pro se motions" that McCoy filed.  (SAC ¶¶ 9-11.) McCoy asserts that Judge Bateman listed the case for trial "without lawful reassignment" and that he never received notice of the reassignment.  (*Id.* ¶¶ 12-13.)  He alleges that Defendant Garabedian "who is not the prosecutor, proceeded with this prosecution[,] ignored unresolved motions, and participated in advancing trial unlawfully."  (*Id.* ¶ 15.)  He contends that all three Defendants "acted jointly to bypass judicial process, deny [him] meaningful access to court, [and] force trial under unconstitutional conditions."  (*Id.* ¶ 16)

Based on these allegations, McCoy asserts claims for: (1) § 1983 conspiracy; (2) violation of his Sixth Amendment right to fair trial, speedy trial, and "proper judicial authority"; (3) violation of due process under the Fourteenth Amendment; and (4) violation of his Fourth Amendment rights due to his being "subjected to unlawful legal restraint without proper process."  (*Id.* at 2-3.)  He seeks a declaratory judgment, injunctive relief (including preliminary and permanent injunctions "to STOP [the] unconstitutional [criminal] proceedings [against him,]") and monetary damages.  (*Id.* at 3.)

## II.     STANDARD OF REVIEW

The Court previously granted McCoy leave to proceed *in forma pauperis*.  (*See* ECF No. 11.)  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the SAC if it fails

---

[3] The facts set forth in this Memorandum are taken from the SAC (ECF No. 16).  The Court adopts the pagination assigned to the SAC by the CM/ECF docketing system. Additionally, the Court includes facts reflected in publicly available state court records, of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the SAC contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 560 U.S. 544, 556 (2007)).  At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* SAC as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim.  *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197, 204 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

Because McCoy is proceeding *pro se*, the Court construes his allegations liberally.  *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* (quoting *Mala*, 704 F.3d at 245). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F.3d at 245).  An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Mala*, 704 F.3d at 245; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) (*per curiam*) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

3

## III.   DISCUSSION

McCoy asserts claims under the Fourth, Sixth, and Fourteenth Amendments, and alleges a conspiracy to violate his constitutional rights. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Groman v. Township of Manalapan*, 47 F .3d 628, 638 (3d Cir. 1995) ("The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law.").

### A.   Claims Against Judge McHugh and Judge Bateman

McCoy asserts constitutional claims against two judges who presided over his criminal case in the Bucks County Court of Common Pleas. Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)). Because judges must feel free to act without fear of incurring personal liability for their actions in court, judicial immunity remains in force even if the actions are alleged to be legally incorrect, in bad faith, malicious, or corrupt, *Mireles v. Waco*, 502 U.S.

9, 11-12 (1991), or are taken as a result of a conspiracy with others, *Dennis v. Sparks*, 449 U.S. 24, 27 (1980).

McCoy alleges that Judge McHugh failed to rule on *pro se* motions that he filed. However, he does not allege that McHugh acted in the absence of all jurisdiction. To the contrary, the docket for McCoy's case reflects that McHugh was the assigned judge for the matter until it was transferred to Judge Bateman, thus he clearly did not act in the absence of all jurisdiction. *See, e.g., Buchanan v. Vanhorn*, No. 24-0600, 2024 WL 665341, at *3 (E.D. Pa. Feb. 16, 2024) (constitutional claim against a judge "based on the manner in which [she] handled [plaintiff's] preliminary hearing" dismissed on immunity grounds because the judge was "presiding over [plaintiff's] criminal case for which she clearly had jurisdiction to act"). As to Judge Bateman, McCoy contends that his case was transferred to Bateman "[w]ithout lawful reassignment" and that he never received notice of the reassignment. (SAC ¶¶ 12-13.) Presumably as a result, he alleges that Bateman "[t]ook judicial action without jurisdiction." (*Id.* ¶ 12.) However, the Court is not aware of any due process right to prior notice when a case is reassigned to another judge, and McCoy fails to allege any other facts to support his otherwise conclusory assertion that Judge Bateman acted "without jurisdiction." *See Dantzler v. Cohen*, No. 22-2522, 2022 WL 3030828, at *4 (E.D. Pa. July 29, 2022) ("There is no allegation that Judge Cohen is not a duly elected judge of the Philadelphia Court of Common Pleas, and the public record shows he was assigned to decide Dantzler's case, the allegation that he lacked jurisdiction is not plausible."). Accordingly, the claims against both Judge McHugh and Judge Bateman are barred by judicial immunity.

**B.     Claims Against ADA Garabedian**

McCoy also sues Assistant District Attorney Alan Garabedian.[4] Prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Absolute immunity extends to the decision to initiate a prosecution, *Imbler*, 424 U.S. at 431, including "soliciting false testimony from witnesses in grand jury proceedings and probable cause hearings," *Kulwicki v. Dawson*, 969 F.2d 1454, 1465 (3d Cir. 1992), presenting a state's case at trial, *Imbler*, 424 U.S. at 431, and appearing before a judge to present evidence, *Fogle v. Sokol*, 957 F.3d 148, 160 (3d Cir. 2020); *see also id.* at 164 (3d Cir. 2020) (prosecutors were entitled to immunity from claims based on allegations "that at hearings and at trial the Prosecutors withheld material exculpatory evidence from defense counsel, the court, and the jury; filed a criminal complaint without probable cause; and committed perjury before and during trial"). Moreover, District Attorneys and other supervisory prosecutors are likewise entitled to absolute immunity from claims based on their role in pursuing a prosecution on behalf of the Commonwealth. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 348-49 (2009).

Absolute immunity can extend to "the duties of the prosecutor . . . involv[ing] actions preliminary to the initiation of a prosecution and actions apart from the courtroom." *Mancini v. Lester*, 630 F.2d 990, 994 n.6 (3d Cir. 1980) (quoting *Imbler*, 424 U.S. at 431 n.33). This means prosecutors have absolute immunity from suits challenging their preliminary strategic decisions, such as whether or not to call a witness, or their decision not to prosecute a case. *Harris v.*

---

[4] According to the Bucks County District Attorney's Office website, the Defendant's last name is spelled "Garabedian" rather than "Garabedien" as written in McCoy's pleading. (*See* https://www.buckscounty.gov/directory.aspx?EID=249) (last viewed: May 13, 2026.) The website indicates that Garabedian is the Chief of the Office's Economic Crimes Unit.

6

*Krasner*, No. 23-2068, 2024 WL 2861848, at *2 (3d Cir. June 6, 2024), publication ordered, No. 23-2068, 2024 WL 3493020 (3d Cir. July 22, 2024).

McCoy asserts that Garabedian "is not the prosecutor" in his case, but nevertheless "proceeded with this prosecution, ignored unresolved motions, [and] participated in advancing trial unlawfully." (SAC ¶ 14.) Read liberally, these allegations arise from Garabedian's role as an advocate for the Commonwealth during the judicial phase of McCoy's prosecution and/or as a supervisor to the assigned prosecutor. His actions are thus protected by absolute immunity. *See Yarris v. County of Delaware*, 465 F.3d 129, 136 (3d Cir. 2006) ("Ultimately, whether a prosecutor is entitled to absolute immunity depends on whether . . . she was functioning as the state's 'advocate' while engaging in the alleged conduct that gives rise to the constitutional violation" ); *see also Van de Kamp*, 555 U.S. at 348-49 (extending absolute immunity to supervisory prosecutors involved in pursuing a prosecution); *Imbler*, 424 U.S. at 431. Accordingly, McCoy's claims against Garabedian are barred by absolute immunity and will be dismissed with prejudice.

## C.    Request for Dismissal of Pending Criminal Case

McCoy states that he "seeks to STOP unconstitutional proceedings" against him, (SAC ¶ 21), which the Court understands as a request that the Court dismiss his ongoing criminal case in the Bucks County Court of Common Pleas. When a criminal defendant seeks dismissal of state charges because of constitutional violations, his claims must be pursued in state court or in a petition for a writ of *habeas corpus* filed in federal court; such claims are not cognizable in a civil rights action. *See Jaffery v. Atl. Cnty. Prosecutor's Office*, 695 F. App'x 38, 41-42 (3d Cir. 2017) (*per curiam*) ("[T]o the extent Jaffery seeks dismissal of the charges against him as a result of constitutional violations, such relief is only available through a writ of habeas

7

corpus."); *Duran v. Weeks*, 399 F. App'x 756, 759 (3d Cir. 2010) (*per curiam*) ("[T]o the extent that Duran is seeking dismissal of the charges against him as a result of constitutional violations, he is essentially asking for relief only available through *habeas corpus*."). Accordingly, to the extent McCoy seeks dismissal of the state charges pending against him, his claims are dismissed because they are not cognizable in a civil rights action.

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss his constitutional claims with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). His claims for injunctive relief will be dismissed without prejudice to him seeking *habeas* relief if appropriate. The Court concludes that amendment would be futile and will therefore dismiss this action without leave to amend. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (requiring amendment in a *pro se* case unless it would be inequitable or futile). An appropriate Order accompanies this Memorandum.

BY THE COURT:

KAI SCOTT, J.

8